IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 6:10-296-HMH |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Thomas Cook, III, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Thomas Cook, III's ("Cook") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the court grants the Government's motion for summary judgment and dismisses Cook's § 2255 motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 17, 2010, a federal grand jury returned a one-count indictment charging Cook and ten co-defendants with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and a quantity of marijuana. On June 16, 2010, a superseding indictment charged Cook with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine. Cook subsequently pled guilty pursuant to a written plea agreement to count 1 of the superseding indictment on June 14, 2011. On October 6, 2011, Cook was sentenced to a total term of imprisonment of 151 months. Cook did not appeal his conviction.

Proceeding pro se, Cook filed the instant § 2255 motion on September 4, 2012, alleging that his counsel was constitutionally ineffective for failing to move for a downward departure pursuant to United States Sentencing Guideline §§ 5G1.3(b) and 5K2.23. (Cook § 2255 Mot., ECF No. 708, generally.) The court ordered the Government to respond on September 14, 2012. The Government filed its response and motion for summary judgment on December 4, 2012.

The court issued a Roseboro order on December 4, 2012. Cook filed a response on January 7, 2013. This matter is now ripe for consideration.

## II. DISCUSSION OF THE LAW

To successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Cook must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, one must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Because Cook tendered a guilty plea, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Cook's argument that his counsel was ineffective for failing to move for a downward departure pursuant to U.S.S.G. § 5G1.3(b) is without merit because this section only applies to an undischarged term of incarceration. Cook argues that his attorney should have moved for a departure on the basis that "the relevant conduct that increased [the] offense level was from prior related offenses." (Cook § 2255 Mot. 5, ECF No. 708.) This argument fails for the simple reason that when Cook was sentenced in federal court, he was not subject to an undischarged term of imprisonment. United States v. McHan, 101 F.3d 1027, 1040 (4th Cir. 1996) (holding that sentencing guidelines consciously denied sentencing judges the authority to give credit under U.S.S.G. § 5G1.3 for discharged sentences.); United States v. Burris, 217 F.3d 841 (4th

2

Cir. 2000) (U.S.S.G. § 5G1.3 only applies to undischarged sentences.) (unpublished); United States v. Thurston, 165 F.3d 913 (4th Cir.1998) (same) (unpublished).  Thus, counsel "had no basis for arguing that § 5G1.3 applied and was not ineffective for failing to do so."  Prescod v. United States, Nos. 5:04CV161-1-V, 5:99CR29-1-V, 2007 WL 2021846, at *2 (W.D.N.C. July 12, 2007) (unpublished).

In addition, Cook argues that his counsel was ineffective in failing to move for a downward departure pursuant to U.S.S.G. § 5K2.23, which provides that "[a] downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 . . . would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense."  Although not specifically citing § 5K2.23, at sentencing, Cook's counsel requested that the court afford Cook credit for the time he served on his prior New Jersey and Arizona convictions in fashioning a sentence under 18 U.S.C. § 3553.  (Sentencing Tr. 9, ECF No. 726.) The Government objected to a reduction based on the two prior convictions.  Mark Moore, Assistant United States Attorney, stated at sentencing as follows:

> I understand that Mr. Abdalla is going to ask you to perhaps consider a variant sentence and give him credit for the some two years that he spent in New Jersey on the misprison of a felony charge.  And I cannot agree to that and I will tell you why. . . .   In this case, as Your Honor sees, I have agreed to withdraw an 851 enhancement which changed him from a mandatory 20 to less.  I have taken a position on sentencing which I think is favorable to him.  And if you look at the Presentence Report, you will see that he has been a fugitive on several occasions, including he has some pending state charges because he fled.
> And for those reasons, I think 151 months is not only a guidelines sentence, but I think that under the factors contained in 18 United States Code Section 3553(a), I think that is an appropriate sentence given this defendant's history.  So I cannot join him in his request for credit for two years time served.

3

(Sentencing Tr. 8-9, ECF No. 726.)  Cook contends that his counsel did not request credit for time served.  (Cook Resp. 2, ECF No. 738.)  However, the sentencing transcript reflects that Cook's counsel objected to the Government's recommendation not to afford Cook credit for time served on the two prior convictions.  At sentencing, Cook's counsel stated as follows:

> As Mr. Moore indicated, I was going to ask you to give him credit for the year he served for the misprison of a felony up in New Jersey and also for the six months he served on the charge in Phoenix, I believe, in Arizona, to come off that.  Otherwise, I don't have an issue with Mr. Moore's recommendations.

(Sentencing Tr. 9, ECF No. 726.)  The court sentenced Cook to 151 months' imprisonment, the low end of the guideline range,[1] finding "that the purposes of 3553(a) are accomplished with a guideline sentence . . . [and] the facts of this case fit those which have been contemplated by the guidelines."  (Id. at 9.)  Thus, Cook's counsel was not ineffective because he, in fact, requested credit for the time served on the two prior convictions.  In addition, at sentencing, Cook indicated that he had enough time to discuss the case with his counsel, that he had no complaints of his attorney, and that he was satisfied with his representation.  (Id. at 2.)  Based on the foregoing, the court summarily dismisses Cook's § 2255 motion.

---

[1] Initially, the Presentence Investigation Report calculated Cook's base offense level as a 38 based on drug weights.  However, the Government argued that the drug weight should be lower and the court agreed.  Therefore, the base offense level was lowered to 34, which resulted in the guideline range being lowered from 240 to 293 months' imprisonment to 151 to 188 months' imprisonment.  (Sentencing Tr. 2-5, ECF No. 726.)

4

It is therefore

**ORDERED** that the Government's motion for summary judgment, docket number 730, is granted. It is further

**ORDERED** that Cook's § 2255 motion, docket number 708, is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Cook has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 15, 2013

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.